E IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MARYLAND

(Northern Division)

| | |
|---|---|
| GREEN & HEALTHY HOMES INITIATIVE, INC., *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> ENVIRONMENTAL PROTECTION AGENCY, *et al.*, <br><br> Defendants. | Civil Action No. 1:25-cv-01096-ABA |

**PLAINTIFFS' MEMORANDUM IN SUPPORT OF MOTION TO SUPPLEMENT THE ADMINISTRATIVE RECORD**

## I.   INTRODUCTION

This Motion seeks to supplement the Administrative Record with two documents that should have been included in the United States Environmental Protection Agency ("EPA") and EPA Administrator Lee Zeldin's (collectively, the "Defendants") filing with this Court but were omitted for reasons unknown to Plaintiffs Green & Healthy Homes Initiative, Inc., the Minneapolis Foundation, and Philanthropy Northwest (collectively, "Plaintiff Organizations").

The documents in question, attached hereto, and hereinafter referred to as the "Supplemental Documents", are:

1.  **Exhibit 1:** Email communications among Cora Monday, Kathryn Loving, Molly Vaseliou and Daniel Coogan regarding "List of Grant Terminations- February 20" (EPA_000042794-97).

2.  **Exhibit 2:** EPA email communications describing how an EPA-generated list of "environmental justice" grants to be terminated was created simply by searching for the term "Environmental Justice" in the "Project Title" and "Project Description" fields of an agency grant management database (EPA_00073595-96).

The Supplemental Documents are directly relevant to the claims raised in Plaintiff Organizations' Complaint and related pleadings, including the Plaintiff Organizations' Motion for a Preliminary Injunction. As will be explained in Plaintiff Organizations' forthcoming Motion for Summary Judgment, the Supplemental Documents provide additional evidence that the rationale behind the EPA's termination of the Plaintiff Organizations' grants was arbitrary, capricious, and contrary to law.

## II.   BACKGROUND

Plaintiff Organizations seek relief from the EPA's arbitrary and unlawful termination of grants previously awarded to the Plaintiff Organizations under the agency's Thriving Communities program. The six grants at issue – comprising an $8 million "initial grant" and a $52 million "subsequent grant" for each of the three Plaintiff Organizations – were intended to support the organizations' roles as EPA-designated Thriving Communities Regional Grantmakers and to reinforce the environmental protection work of numerous non-profit organizations along with local and tribal government agencies across the Mid-Atlantic, Great Lakes, and Northwest regions.

EPA's decision to terminate the grants appears not to have been based on any reasoned decision-making process. This is evident from the termination memoranda sent to the Plaintiff Organizations and further confirmed by the administrative record filed by EPA on May 13, 2025. *See* ECF 036-1. That record contains no substantive factual findings or explanation for the grant terminations; in fact, it offers even less detail than the boilerplate memoranda. Instead, the record reveals that the EPA labeled the Plaintiff Organizations and their subgrantees merely as "environmental justice" and terminated the grants solely on that basis.

In a related action pending before the South Carolina District Court, *Sustainability Institute v. Trump*, 2:25-cv-02152-RMG (D.S.C.), the EPA produced documents under court order related to its decisions to suspend or terminate certain grants – including those granted to the Plaintiff Organizations. Notably, the documents in question that were produced in that case include the Supplemental Documents, which were not produced by the EPA in the Administrative Record on file with this Court.

### III. ARGUMENT

"Judicial review of an agency action must be premised on the complete administrative record." *Otsuka Pharm. Co. v. Burwell*, No. 15-cv-852, 2015 WL 1579127, at *2 (D. Md. Apr. 8, 2015) (*quoting Novartis Pharm. v. Shalala*, 2000 WL 1769589, at *2 (D.D.C. Nov. 27, 2000). The APA demands "'a court evaluating an agency action to 'review the whole record or those parts of it cited by a party.'" *Burwell*, 2015 WL 1579127, at *2 (*quoting* 5 U.S.C. § 706); *see also Camp v. Pitts*, 411 U.S. 138, 142 (1973) (observing that when reviewing agency action under the APA, "the focal point for judicial review should be the administrative record already in existence, not some new record made initially in the reviewing court"). A complete administrative record should include all materials that might have influenced the agency's

decision, and not merely those on which the agency relied in its final decision. *Amfac Resorts, L.L.C. v. U.S. Dep't of the Interior,* 143 F.Supp.2d 7, 12 (D.D.C.2001). Thus, "a court reviewing an administrative tribunal's decision on the record 'should have before it neither more nor less information than did the agency when it made its decision.' " *Washington Metro. Area Transit Auth. v. Local 689, Amalgamated Transit Union*, 818 F.Supp.2d 888, 907 (D.Md.2011) (*quoting IMS, P.C. v. Alvarez*, 129 F.3d 618, 623 (D.C.Cir.1997) (internal citations and quotation marks omitted)).

If an agency fails to produce a complete administrative record, a party may request that the record be supplemented. *Otsuka Pharm. Co., Ltd. v. Burwell*, GJH-15-852, 2015 WL 1579127, at *3 (D. Md. Apr. 8, 2015).

The Supplemental Documents belong in the Administrative Record before this Court. Their inclusion is not merely a technical correction. The Supplemental Documents further demonstrate that the EPA's decision to terminate the grants at issue was arbitrary and capricious. Without these documents, the record before this Court would not reflect the full context of the agency's internal processes (or lack thereof).

Specifically, the omitted Supplemental Documents reveal that the EPA employed a mechanically simplistic method—relying solely on a keyword search—to identify grants for termination. Such reliance raises serious questions about the thoroughness and transparency of the agency's internal review process. With these records, the Court can readily see that EPA's decision was not supported by a comprehensive factual analysis, but was rather merely based on an expedient and arbitrary process. Inclusion of these documents is important to allow this Court to evaluate the actual basis upon which the termination decisions were made.

Defendants' failure to include the complete set of internal communications omits evidence vital to Plaintiff Organizations' claims. Such an omission prejudices the Plaintiff Organizations by denying them the opportunity to present all material facts that could highlight the arbitrariness of the grant terminations.

For these reasons, the Court should find that the Supplementary Documents are germane to this case and should be included in the Administrative Record to ensure that all relevant evidence is considered and that the decision-making process is subjected to a complete and transparent judicial review.

### IV.     CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Court grant this Motion and order the EPA to supplement the Administrative Record with the omitted Supplemental Documents.

Dated: May 20, 2025

Respectfully submitted,

<div style="display:flex">

 /s/ Lora A. Brzezynski
Lora A. Brzezynski (Bar No. 17837)
Jessica C. Abrahams
Faegre Drinker Biddle & Reath LLP
1500 K Street NW, Suite 1100
Washington, DC 20005
Phone: 202-230-5000
Fax: 202-842-8465
jessica.abrahams@faegredrinker.com
lora.brzezynski@faegredrinker.com

*Attorneys for Plaintiff*
*The Minneapolis Foundation*

 /s/ Andrew D. Freeman
Andrew D. Freeman (Bar No. 03867)
Joshua N. Auerbach (Bar No. 26108)
Neel K. Lalchandani (Bar No. 20291)
Brown, Goldstein & Levy, LLP
120 E. Baltimore Street, Suite 2500
Baltimore, MD 21202
Phone: 410-962-1030
Fax: 410-385-0869
adf@browngold.com
jauerbach@browngold.com
nkl@browngold.com

*Attorneys for Plaintiff Green & Healthy*
*Homes Initiative, Inc.*

</div>

  /s/ Charles M. English, Jr.
Charles M. English, Jr. (Bar No. 03621)
Jonathan A. DeMella
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
Phone: 206-757-8338
Fax: 206-757-7338
jonathandemella@dwt.com

*Attorneys for Plaintiff Philanthropy Northwest*

6