IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| GREEN & HEALTHY HOMES INITIATIVE, Inc., *et al.*, | * * * | |
| PLAINTIFFS, | * * | |
| v. | * * | No. 1:25-cv-01096-ABA |
| ENVIRONMENTAL PROTECTION, AGENCY, *et al.*, | * * * | |
| DEFENDANTS. | * | |

******

## NOTICE OF SUPPLEMENTAL AUTHORITY

On May 29, 2025, Judge Griggsby issued a twenty-two-page memorandum opinion in *Solutions in Hometown Connections v. Noem*. Mem. Op., No. 25-cv-885-LKG (D. Md. May 29, 2025) (attached as ECF 49-1). The opinion expands on her May 20, 2025, order denying Plaintiff's renewed motion for a preliminary injunction. *See* Order, *Solutions*, No. 25-cv-885-LKG (D. Md. May 29, 2025) at Doc. 68. In the opinion, Judge Griggsby applied *Megapulse* to a grant termination case similar to the instant case and determined that the Tucker Act deprived the district court of jurisdiction. ECF 49-1 at 17—21 (discussing *Megapulse, Inc. v. Lewis*, 672 F.2d 959, 967 (D.C. Cir. 1982). She also determined that neither APA claims nor claims that the grant terminations amounted to "dismantling" of a program could circumvent the Tucker Act. *Id.* at 21—22. This notice provides a summary of the opinion and its applicability to this case.

As to the applicability of the Tucker Act to grant terminations, the court determined that "a careful reading of the amended complaint shows that the source of the . . . claims is their Grant Agreements with the Government, because the Plaintiffs allege and acknowledge . . . that [they] . . . used the Grant funds to provide certain services and programs." *Id.* at 18. The court also cited

1

to the plaintiffs' allegations that they experienced irreparable harm due to "the loss of the funds provided under their Grants." *Id.* She also determined that their complaint challenges "the Defendants' decision to terminate their respective Grants," and because the grant terms and conditions indisputably contained a termination provision, "the source of the . . . rights to challenge the termination of their Grants appears to be their respective Grant Agreements." *Id.* at 19. The court rejected Plaintiffs' arguments that Uniform Guidance or statute provided a source of relief, noting that the applicable appropriations legislation does not provide the specific plaintiffs any rights "that would entitle them to continue to receive Grant funds." *Id.*

The court also determined that the nature of relief sought was monetary and backward-looking because "Plaintiffs seek to obtain the Grant funds that have been awarded under their Grant Agreements." *Id.* at 20. This included claims that plaintiffs were entitled to "outstanding grant funds obligated to them for future grant work." *Id.* (internal quotations omitted) ("Given this, the relief sought by the Plaintiffs would, at bottom, allow them to continue to receive Grant funds from the Government."). The court also noted that the plaintiffs sought reimbursement for work already performed. *Id.* at 21.

The plaintiff's bigger-picture "dismantling" claims fared no better. *Id.* at 20—22. The court observed that broad programmatic challenges to the "dismantling" of an entire program is not a "discrete agency action[]" amenable to APA review. *Id.* at 21 (quoting *Norton v. S. Utah Wilderness All.*, 542 U.S. 55, 64 (2004)). The court held the APA disallowed "a wholesale, programmatic challenge to the Government's operation and management" of a program and could not reach arguments about a "wholesale shuttering" of a grant program. *Id.* at 22.

Judge Griggsby's reasoning applies equally to the instant case. Here, the source of right is a contract because Plaintiffs rely on the terms and conditions of their grant awards, which also

2

...

indisputably contained a termination provision that Plaintiffs allege the government violated. ECF 1 at ¶¶ 26–28. Plaintiffs also used the grant funds to provide programs and services and allege irreparable harm from the loss of those funds. *See, e.g., id.* at ¶¶ 9, 10, 32–50, 66–78. Moreover, as in *Solutions*, the statute at issue in this case does not provide a specific appropriation to the instant Plaintiffs, nor does it restrict the government's ability to terminate grants. 42 U.S.C. § 7438. Although Plaintiffs here dispute that the grant terms and conditions contained mutual consideration, the government identified at oral argument a number of aspects of the grant terms that provided value to the government beyond the distribution of grant funds: increased government infrastructure (ECF 2-3 at 4, 11); real property purchases which provide for payment to government or transfer of title (ECF 2-3 at 13); fungible property purchases which provides for sale back to government or giving government proceeds of sale (ECF 2-13 at 30); transfer to the government of any rights to any inventions developed during the grant (ECF 2-13 at 26–27); and provision of materials and data to the government that could be used for future projects or tracking best practices (ECF 2-3 at 50, ECF 2-5 at 8–9).

Similarly, the nature of relief here is monetary and backward-looking because Plaintiffs seek reinstatement of grants. ECF 1 at 32. Although Plaintiffs do not specifically seek reimbursement, when challenged at oral argument to disclaim their right to seek payment for expenses incurred during the grant terminations, Plaintiffs refused to do so. *C.f. Coleman v. Kendall*, 74 F.4th 610, 616 (4th Cir. 2023) (finding claim was not monetary where the plaintiff submitted an affidavit specifically waiving any claim to the monetary damages at issue). Even more, they have identified down to the penny the expenses they have incurred that would be reimbursable under the grant terms and conditions. *See, e.g.*, ECF 26-1 at 2, 26-2 at 3, 26-3 at 3, 41-4 at 4–5. Plaintiffs' reliance on *Bowen v. Massachusetts* on this point is misplaced, because as

discussed at oral argument *Bowen* is inapplicable. 487 U.S. 879 (1988). *Bowen* involved "a dispute between two sovereigns" – states and the federal government – in a relationship not governed by "any specific contract or express agreement defining the relationship between the parties." *Suburban Mortg. Assoc., Inc. v. U.S. Dept. of Housing and Urban Dev.*, 480 F.3d 1116, 1127 (Fed. Cir. 2007). The instant case involves a dispute between the federal government and private parties, governed by the terms and conditions of specific grant agreements.

Finally, as in *Solutions*, Plaintiffs here also challenge the broader "dismantling" of environmental justice initiatives, beyond the purview of the APA. ECF 41-1 at 29–32.

The government respectfully asks this Court to consider Judge Griggsby's analysis and decline to exercise jurisdiction in the instant case.

Respectfully submitted,

Kelly O. Hayes
United States Attorney

By:   /s/
Molissa H. Farber (802255)
Assistant United States Attorney
36 S. Charles St., 4th Floor
Baltimore, Maryland 21201
410-209-4862
Molissa.Farber@usdoj.gov

*Counsel for Defendants*